IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROBERT LANCE WALKER                                                              PETITIONER

v.                              CASE NO. 3:16-cv-00234 BSM-JTK

MIKE KENDALL                                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United

>    States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A 149
>    Little Rock, AR 72201-3325

**Introduction**

Before the Court is the Petition for Writ of Habeas Corpus filed by Robert Lance Walker on September 9, 2016, attacking his pretrial detention in the Poinsett County Jail.[1] (DE #1).

Petitioner states that he is detained in the Poinsett County Jail in violation of the Sixth Amendment. He has been incarcerated since July 20, 2016.[2] According to Petitioner, he

---

[1] Petitioner correctly filed this action as a § 2241 action, although the Clerk's Office docketed it as a § 2254 action. Because Petitioner challenges his pretrial detention on pending charges, his Petition is properly construed as requesting relief pursuant to § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

[2] A review of the Arkansas Statewide VineLink shows Petitioner in custody; however, the Arkansas AOC Public CourtConnect Docket information indicates that Petitioner was charged in

does not have a case number and is being "held with a $100,000 (cash only) bond with out a case no."

For the reasons discussed below, the Court recommends that the Petition be dismissed without prejudice. *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]"

## Discussion

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights. *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or

---

Case No. 16JCR-16-211, *State v. Robert L. Walker*, with first degree terroristic threatening, aggravated assault on a family or household member, and theft of property less than $1000. It appears the charges were nolle prossed on September 1, 2016, and the case was closed that same day.

other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

## Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE #1) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

SO ORDERED this 20th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE